UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE CITIZENS NATIONAL BANK OF PARIS, 110 West Court Street Paris, IL 61944 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. 1:09-cv-1147-SEB-JMS |
| PETER DVORAK 400 West 7th Street Suite 200 Bloomington, IN 47402 | ) ) ) ) ) | |
| Defendant. | ) | |

## ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff, The Citizens National Bank of Paris's ("CNB's"), Motion for Summary Judgment (the "Motion") requesting the Court to enter summary judgment in favor of CNB and against Defendant, Peter Dvorak ("Dvorak"), on CNB's Amended Complaint to Recover on Notes and to Foreclose Security Interest (the "Amended Complaint"). Dvorak failed to respond to the Motion. The Court, having considered the Motion and the designated evidentiary material, now finds that there is no genuine issue as to the following

## Undisputed Facts

1. CNB is a national banking association, and its main office, as established by its articles of association, is located in Paris, Illinois. (Amended Complaint, ¶ 1; Affidavit of William C. Minnis ("Minnis Aff."), ¶ 5)

2. Dvorak is an individual and a citizen of Indiana residing in Bloomington, Monroe County, Indiana. (Amended Complaint, ¶ 2; Dvorak's Answer, ¶ 2)

3. On April 14, 2006, Dvorak executed and delivered to CNB a Promissory Note for loan number 25224 ("First Note") in the principal sum of $250,268.00. (Amended Complaint, ¶ 5, Exhibit A; Minnis Aff., ¶¶ 5 and 7)

4. Contemporaneously with executing and in order to secure the First Note, Dvorak executed and delivered to CNB a Commercial Pledge Agreement ("First Pledge Agreement"), thereby pledging to CNB 33,334 shares of Indiana Bank Corporation stock ("Stock"), which Stock certificates Dvorak transferred to CNB. (Amended Complaint, ¶ 6, Exhibit B; Minnis Aff., ¶¶ 5 and 7)

5. On March 7, 2007, Dvorak renewed the First Note when he executed and delivered to CNB a Promissory Note for loan number 25265 ("Second Note") in the principal sum of $250,268.00. (Amended Complaint, ¶ 7, Exhibit C; Minnis Aff., ¶¶ 5 and 6, Exhibit 1)

6. Contemporaneously with executing, and in order to secure, the Second Note, Dvorak executed and delivered to CNB a new Commercial Pledge Agreement ("Second Pledge Agreement") (the First Note, First Pledge Agreement, Second Note, and Second Pledge Agreement, collectively, the "Stock Loan Documents"), thereby renewing his pledge of the Stock to CNB. (Amended Complaint, ¶ 8, Exhibit D; Minnis Aff., ¶¶ 5 and 7)

7. On November 5, 2007, Dvorak executed and delivered to CNB a Promissory Note for loan number 27007 ("Third Note") in the principal sum of $800,230.00. (Amended Complaint, ¶ 9, Exhibit E; Minnis Aff., ¶¶ 5 and 6, Exhibit 2)

8. Contemporaneously with executing and in order to secure the Third Note, Dvorak executed and delivered to CNB a Commercial Pledge Agreement ("Third Pledge Agreement") (the Third Note and Third Pledge Agreement, collectively, the "Debenture Loan Documents"), thereby pledging certain convertible subordinated notes issued by Indiana Bank Corp ("Convertible Notes")

to CNB, and CNB's security interest in the Convertible Notes was perfected by filing a financing statement on November 26, 2007, as Instrument No. 200700010997095, with the Indiana Secretary of State.  (Amended Complaint, ¶ 10, Exhibits F and G; Minnis Aff., ¶¶ 5 and 7)

9.   Dvorak has defaulted on his obligations under the terms and conditions of the Stock Loan Documents and Debenture Loan Documents (collectively, the "Loan Documents") by failing and refusing timely to make the required payments due thereunder, despite demand.  (Amended Complaint, ¶ 11, Minnis Aff., ¶ 5)

10.   Notice of default and acceleration of the obligations under the Loan Documents was sent to Dvorak on March 12, 2009.  (Amended Complaint, ¶ 12, Exhibit H; Affidavit of Jerald I. Ancel, attached hereto as Exhibit B ("Ancel Aff."), ¶ 5)

11.   On August 10, 2009, pursuant to the terms of the Uniform Commercial Code, CNB conducted a public sale of the Stock, which sale resulted in the CNB's recovery of $100,002.00 (the "Recovery").  (Amended Complaint, ¶ 13; Ancel Aff., ¶ 5)

12.   As of September 1, 2009, the amount due and owing to CNB from Dvorak under the Loan Documents, less the Recovery, was $825,798.40, and additional interest has accrued and will continue to accrue after September 1, 2009, at the rate of $250.79 *per diem*.  (Amended Complaint, ¶ 14, Minnis Aff., ¶ 5)

13.   Pursuant to the terms of the Loan Documents, CNB is entitled to recover its reasonable attorneys' fees from Dvorak, and a reasonable award of attorneys' fees in this case is $50,000.00.  (Amended Complaint, Exhibits A through F; Ancel Aff., ¶ 9)

Based on the foregoing undisputed facts, the Court finds that CNB is entitled to a judgment as a matter of law in its favor and against Dvorak for the relief requested in the Amended Complaint.

## **Judgment**

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment be and hereby is entered in favor of CNB and against Dvorak in the amount of $825,798.40, plus additional interest accruing at the rate of $250.79 *per diem* after September 1, 2009, through the date of this Judgment, plus CNB's reasonable attorneys' fees in the sum of $50,000.00;

2. The Third Pledge Agreement be and hereby is declared to be a valid lien on the Convertible Notes, superior to any liens, interests, or claims against the Convertible Notes;

3. CNB's security interest in the Convertible Notes be and hereby is foreclosed;

4. The Convertible Notes shall be sold by the Marshall to pay CNB's judgment;

5. Upon the execution by the Marshall of a Marshall's Bill of Sale to the Convertible Notes, any person or persons claiming from, under or through Dvorak who may be in possession of the Convertible Notes, or any part thereof, shall, upon demand and exhibition of said Bill of Sale, or a copy thereof, forthwith surrender to the holder of said Bill of Sale full and peaceful possession of the Convertible Notes, and if any person or persons do not surrender full and peaceful possession of the Convertible Notes, then an order shall be issued directing the Marshall to forthwith remove the Convertible Notes from Dvorak and/or anyone else who may be in possession of the Convertible Notes or any part thereof and any person who, since the commencement of this action may have come into the possession of the Convertible Notes, or any part thereof from, under or through Dvorak, and detains the same or any part thereof against the party possessing the Marshall's Bill of Sale, and directing the Marshall to put the party holding such Bill of Sale or his assignees in the full peaceful and quiet possession of the Convertible Notes without delay.

DATED: 03/12/2010

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

**Electronic Copies to:**

R. C. Richmond, III
Richmond@taftlaw.com

William Jake Tucker
bill@tucker-hester.com

Niccole Rene Sadowski
nikki@tucker-hester.com